**UNITED STATES of America, Plaintiff,**

v.

**Thomas C. FRANCHI, Defendant.**

**Civ. A. No. 90–2102.**

United States District Court,
W.D. Pennsylvania.

Feb. 12, 1991.

Stuart D. Gibson, Shannon L. Hough, Dept. of Justice, Tax Div., Washington, D.C., for plaintiff.

John Hooper, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

MENCER, District Judge.

On December 20, 1990, the plaintiff, United States of America ("government"), filed the present action against the defendant, Thomas C. Franchi, requesting that this court enter preliminary and permanent injunctions to enjoin Franchi from acting as a tax preparer.

The government also filed a motion for a temporary restraining order. A hearing on the motion for a temporary restraining order was held before this court on January 3, 1991. On January 4, 1991, this court denied the government's motion for a temporary restraining order.

■ The jurisdiction of this court rests upon 26 U.S.C. § 7402(a), and 26 U.S.C. § 7407. District courts are statutorily authorized to issue injunctions at the request of the United States for the enforcement of the internal revenue laws. Section 7402(a) states the following:

> The district courts of the United States at the insistence of the United States shall have such jurisdiction to make and issue in civil actions ... orders of injunction ... and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce the laws. 26 U.S.C. § 7402(a).

The legislative history of the 1982 Act notes that a Section 7402 injunction is additional to the tax preparer injunction, and recognizes "the great latitude inherent in § 7402 equity jurisdiction to fashion appropriate equitable relief," and further states that the district court may "enjoin any action to impede proper administration of the tax laws or any action which violates criminal statutes." See Senate Finance Committee, Tax Equity and Fiscal Responsibility Act of 1982, S.Rep. No. 494, 97th Cong., 2d Sess., reprinted in 1982 U.S.Code Cong. & Adm.News pp. 781, 1016–17. *United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir.1984).

In addition to this general grant of authority to issue injunctions, district courts are specifically authorized to enjoin income tax preparers from engaging in certain prohibited conduct. 26 U.S.C. § 7407 provides that:

(a) Authority to seek injunction.

A civil action in the name of the United States to enjoin any person who is an income tax preparer from further engaging in any conduct described in subsection (b) or from further acting as an income tax preparer may be commenced at the request of the Secretary ...

(b) Adjudication and decrees.

In any action under subsection (a), if the court finds:

(1) that an income tax preparer has—

(A) engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by this title,

(B) misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as an income tax preparer,

(C) guaranteed the payment of any tax refund or the allowance of any tax credit, or

(D) engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws, and

(2) that injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin such person from further engaging in such conduct. If the court finds that an income tax preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as an income tax preparer.

26 U.S.C. § 7407.

During the Congressional debate that led to the Tax Reform Act of 1976, of which 26 U.S.C. § 7407 was to become a part, the language accompanying the legislative history is helpful to the case at hand. It states, "The injunctive relief sought by the Secretary must be commensurate with the conduct which led to the seeking of the injunction ... Nothing in this provision is to alter the inherent authority of the courts to limit the scope and duration of any injunction as is deemed appropriate given the actions leading to the request for injunctive relief." See Senate Finance Committee, Tax Reform Act of 1976, S.Rep. No. 1203, 94th Cong., 2d Sess., reprinted in U.S.Code & Admin.News, page 3788.

The legislative history of § 7407 is important for this court's analysis. For one reason there is a dearth of cases that have applied the statute, and secondly the intended application of the law can be gleaned from its background. In the examples cited by the Senate Finance Committee, both the scope and the duration of the injunction were tailored to meet the equities of the particular situation at hand.

In order to issue an injunction pursuant to 28 U.S.C. § 7407, three prerequisites must be met: first, the defendant must be a tax preparer; second, the conduct complained of must fall within one of the four areas of proscribed conduct, § 7407(b)(1); and third, the court must find that an injunction is "appropriate to prevent the recurrence" of the proscribed conduct, § 7407(b)(2). *United States v. Ernst & Whinney*, 735 F.2d 1296, 1303 (11th Cir. 1984).

Our first step in our analysis is to determine whether Thomas Franchi is an income tax preparer within the meaning of 26 U.S.C. § 7701(a)(36). Thomas C. Franchi calls himself a "Tax Accountant, Financial Consultant, and Notary Public." (See government exhibit No. 1). The evidence introduced during four days of testimony shows that Mr. Franchi has prepared thousands of income tax returns during the past decade, and leads to the conclusion that Mr. Franchi falls within the definition of an income tax preparer according to § 7701(a)(36). This section describes a preparer as "any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by subtitle A or any claim for refund of tax imposed by subtitle A." This court finds that Thomas Franchi meets the definition of an income tax preparer for the purpose of this action.

■ Our second task under Section 7407 is to determine whether Franchi violated 26 U.S.C. Section 6694 or 6695, or engaged in other conduct listed in its subsection (b)(1). Section 7407(b)(1)(A) concerns conduct subject to penalty under § 6694 or 6695, or to any criminal penalty. Only the more expansive civil penalty sections, added at the same time as the injunctive provisions of § 7407, are important here. Section 6694 provides in pertinent part:

§ 6694. Understatement of taxpayer's liability by income tax preparer.

(a) Negligent or intentional disregard of rules and regulations.—If any part of any understatement of liability with respect to any return or claim for refund is due to the negligent or intentional disregard of rules and regulations by any person who is an income tax preparer with respect to such return or claim, such person shall pay a penalty of $100 with respect to such return or claim.

(b) Willful understatement of liability—If any part of any understatement of liability with respect to any return or claim for refund is due to a willful attempt in any manner to understate the liability for a tax by a person who is an income tax preparer with respect to such return or claim, such person shall pay a penalty of $500 with respect to such return or claim. (Note: This section was amended in 1989 to be effective for documents filed after 12/31/89. None of the documents in question presently were prepared after 12/31/89).

The legislative history of § 6694 gives examples of "willful understatements":

For example, if a taxpayer states to the return preparer that he has only two dependents, and the preparer, with full knowledge of that statement, reports six dependents on the tax return, a willful attempt to understate tax liability has occurred. A willful attempt also occurs generally where an income tax preparer disregards certain items of income given to him by the taxpayer of other persons ... A willful understatement of tax liability can also include an intentional disregard of rules and regulations. For example, an income tax preparer who deducts all of a taxpayer's medical expenses, intentionally disregarding the percent of gross income limitation, may have both intentionally disregarded rules and regulations and willfully understated tax liability.

Staff of Joint Comm. on Taxation, 94th Cong., 2d Sess., General Explanation of the Revenue Act of 1976, p. 352, U.S. Code Cong. & Admin.News 1976, pp. 2897, 3248. *United States v. Ernst & Whinney,* 735 F.2d 1296, 1304 (11th Cir. 1984).

Section § 6695 discusses other assessable penalties such as failure to furnish a copy to a taxpayer, failure of the preparer to sign the return, and other such administrative matters.

The government has introduced evidence in this injunctive hearing showing that eighty-seven penalties have been assessed against the defendant pursuant to 26 U.S.C. § 6694(a) and (b), for the years from 1980 to 1988. The total of these penalties assessed against Mr. Franchi was $16,000.00. The court's task at hand is to determine whether these penalties constitute "negligent or intentional disregard of rules and regulations" or a "willful attempt in any manner to understate the liability for a tax." This court finds that Mr. Franchi has violated 26 U.S.C. § 6694 regarding the understatement of taxpayer's liability by an income tax preparer. In addition, the court finds that the defendant has engaged in conduct subject to penalty under Section 6694, and as a result has met the criteria of 26 U.S.C. § 7407(b)(1)(A).

This court does not find that § 7407(b)(1)(B) is applicable to the case at hand. That is this court does not find that Mr. Franchi has misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as an income tax preparer.

Nor does this court find that the defendant has guaranteed the payment of any tax refund or the allowance of any tax credit. Therefore the requirements of § 7407(b)(1)(C) have not been met.

This leads us to § 7407(b)(1)(D), which asks the court to determine whether the defendant has engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws. The government has introduced Exhibit 40 into the record which documents many pages of inflated expense items and inflated deductions. The record is replete with car expenses, charitable contributions, and travel expenses being fabricated and inflated. In addition, an inflated and excessive basis for depreciation of assets frequently took place.

Many witnesses also came forward during the four days of testimony to say that Mr. Franchi had engaged in fraudulent and deceptive conduct in preparing their returns. The defendant in each case took the position that he had never advised his client to submit such returns, but that each witness was being coerced to give such testimony at the behest of the Internal Revenue Service. This court simply does not find this posture taken by Mr. Franchi to be a credible one. The position that each of these citizens chose to subvert the Internal Revenue laws on their own without the knowledge, acquiescence, and assistance of Mr. Franchi is simply not tenable. As a result, upon the record taken as a whole, this court finds that Mr. Franchi has engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws, and does meet the standard set forth in 26 U.S.C. § 7407(b)(1)(D).

In review, this court finds, pursuant to 26 U.S.C. § 7407(b)(1), that defendant Thomas C. Franchi has: A) engaged in conduct subject to penalty under Section 6694, and B) has engaged in other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

This is not the end of the court's analysis, however. Finding that Mr. Franchi is a tax return preparer who has engaged in such conduct enumerated in Subsection (b)(1) of § 7407, we must now determine whether injunctive relief is appropriate to prevent the recurrence of such conduct. 26 U.S.C. § 7407(b)(2). We find it appropriate to consider here the four traditional factors used in determining the propriety of injunctive relief. See *U.S. v. Savoie*, 594 F.Supp. 678 (D.La.1984). The four factors are: "(1) the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted; (2) the state of the balance between this harm and the injury that granting the injunction would inflict on the defendant; (3) the probability that the plaintiff will succeed on the merits; and (4) the public interest." Wright and Miller, Federal Practice and Procedure § 2948.

■ In an action for a statutory injunction, once a violation has been demonstrated, the moving party need only show that there is a reasonable likelihood of future violations in order to obtain relief. *U.S. v. Kaun*, 827 F.2d 1144, 1148 (7th Cir.1987).

■ The court will now examine the four factors used to determine the propriety of injunctive relief. The first is the threat of irreparable harm if the injunction is not granted. The government in its complaint argues that the irreparable harm would arise from a number of factors, some of which this court feels have merit and others in which the threat of harm may be more peripheral.

One view of the possible irreparable harm put forth by the government is to the taxpayers who rely upon Mr. Franchi's advice to prepare their returns. Many of these clients will underpay their returns, and as a result be subject to Internal Revenue Service audit and penalty. The court does find this argument credible. The witnesses who came before this court did suffer irreparable harm to their finances in many cases; in others their experience with the Internal Revenue Service was deeply disturbing on an emotional level. While the court is aware that the entire experience of taxes is a painful one for many citizens, those clients who had relied upon the defendant for tax advice often found their entire lives thrown into disarray as a result of their brush with the Internal Revenue Service.

Another obvious source of irreparable harm is the hardship caused to the populace as a whole, on whose behalf the suit was initiated, by the underpayment of tax by the clients of Mr. Franchi. The court does not necessarily agree with the projected figure of $2.2 million of understated 1990 federal income tax liability put forth by the government. The court does find, however, that if the pattern of past years holds true, significant amounts of revenue rightly owed to the government will be lost if Mr. Franchi continues to prepare 1990 returns.

The more tenuous of the arguments put forth by the government regarding irreparable harm concerns the cost to the government of auditing returns. The government argues that it "simply does not have the human financial resources required to examine all of the federal income tax returns which the defendant prepares each year." (Complaint of plaintiff at Count 14).

This argument of the government can be broken down into two branches. The first argument has merit; that is government expenditures are necessary to audit the tax returns, to meet with the taxpayers to devise some sort of payment plan, and then to enforce the payment plan. There is certainly some harm to the government in putting forth such an outlay of time and resources. Whether the government would be required to examine every federal income tax return which the defendant prepares each year, as it asserts, is far more speculative. However, on balance, the court is convinced that the first factor, the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted, has been met.

The court would like to point out, however, that it is not considering the so-called Program Action Case when weighing the possible irreparable harm to the plaintiff. Apparently this Internal Service program targets certain income tax preparers for intense scrutiny. The government introduced evidence that it intends to propose certain penalties in the future based upon the Program Action Case aimed at Mr. Franchi.

The court feels that it would be unfair to weigh the Program Action Case into the irreparable harm equation for two reasons. First, regarding the cost in employee hours, the government has chosen to use this extraordinary tool of targeting all of an individual tax preparer's returns. Credible defense evidence was introduced showing that this type of all out blitz may lack reliability in certain aspects. For instance, the government evidence could point to no data regarding those tax returns which the Program Action Case found satisfactory. In short, this data lacks the indicia of reliability necessary to be considered by this court.

Secondly, the government has attempted to state that future penalties will be forthcoming as a result of the Program Action Case. Here again, the speculative nature of such penalties would not be fair to consider, nor would it take into account Mr. Franchi's right to appeal such future penalties, if and when they were assessed. In summary, the court finds that there is the threat of irreparable harm to the plaintiff without considering the Program Action Case in its deliberations.

Second, we must weigh the irreparable harm suffered by the government against the injury that Mr. Franchi will suffer if an injunction is issued. As previously stated, the court has found that irreparable harm may ensue to the plaintiff if the injunction is not issued. Balanced against this harm is the very drastic measure of depriving the defendant of his livelihood, for whatever period of time. The court will go into greater analysis of these equities in its final discussion regarding enjoining a person from acting as a tax preparer under § 7407. Suffice it to say for now that the weight falls upon the side of the government in this balance if the defendant is to be enjoined for an indefinite period of time that is not permanent.

The third factor we must consider is the probability that the government will succeed on the merits. *U.S. v. Venie*, 691 F.Supp. 834, 839 (M.D.Pa.1988). As discussed earlier, Mr. Franchi's conduct is clearly subject to penalty under 26 U.S.C.

§ 6694, whether it be for negligent disregard of the rules and regulations or willful attempt to understate tax liability. Also, Mr. Franchi is clearly preparing tax returns in a manner that substantially interferes with the proper administration of the internal revenue laws. Thus, there exists a strong probability that the government will succeed on the merits. Therefore, the third prong of the test to see if injunctive relief is appropriate has been met.

Last, we must consider the public interest. Many witnesses testified that they now owe taxes due to Mr. Franchi's preparation of their tax returns, and that as a result, they are now suffering financial hardship. When viewed from the perspective of the public at large, they too will be harmed if such widespread understatement of tax liability is to continue for another filing season. Many of the reasons already given by the court are also applicable to the public interest factor regarding injunctive relief. The court finds that public interest also favors the issuance of the injunction.

In considering these four factors, we find that injunctive relief is appropriate to prevent the recurrence of such conduct in which Mr. Franchi engaged in preparing tax returns.

■ Under an analysis of 26 U.S.C. § 7407, the court must now make another decision; namely whether to enjoin Mr. Franchi from further engaging in such conduct, or to enjoin him from acting as an income tax preparer. The statute states:

> If the court finds that an income tax preparer has continually or repeatedly engaged in any conduct described in subparagraphs (A) through (D) of this subsection and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, the court may enjoin such person from acting as an income tax preparer. 26 U.S.C. § 7407.

This court finds that the defendant has continually and repeatedly engaged in the proscribed conduct of 26 U.S.C. § 7407(b)(1)(A) and § 7407(b)(1)(D). The evidence presented shows a pattern of disregard for the decrees and statutes of the Internal Revenue Code that has been continuous for a period of years. In addition, the sanctions put in place by the IRS regarding Mr. Franchi appear to have largely fallen upon deaf ears.

Nor can the court convince itself that an injunction that merely proscribes certain conduct by Mr. Franchi would be effective. The testimony is replete with examples of Mr. Franchi giving his interpretation to the meaning of IRS directives, while essentially ignoring the plain meaning the words convey. For instance, much ado was made of the difference between whether Mr. Franchi was barred from "advising" or "representing" his clients before the Internal Revenue Service. This court could foresee the defendant giving his interpretation to any detailed directive this court may convey regarding the bounds of his conduct.

Nor can we find it sufficient, as did the *Venie* case, to merely enjoin the preparer from utilizing the "Head of Household" status in a manner contradictory to the express language of the statute. Mr. Franchi's disregard for the express language of the Internal Revenue Code appears to be across the board, and no specific prohibition would effectively address all of the forbidden conduct. On the other hand, a blanket injunction stated in general terms would leave itself open to Mr. Franchi's interpretation, similar to the spin he has given to the dictates of the IRS code.

This court therefore finds that a preliminary injunction should be issued to enjoin Mr. Franchi from acting as an income tax preparer. A grant or denial of a preliminary injunction rests in the discretion of the trial court. As the Third Circuit has stated, "A district court must have considerable discretion because of the infinite variety of situations which may confront it." *A.L.K. Corporation v. Columbia Pictures Indus., Inc.*, 440 F.2d 761, 763 (3d Cir.1971).

■ The district court has broad discretion in such matters, since its task involves

weighing the benefits and burdens that granting or denying the injunction will have on the parties and on the public. *Penn Galvanizing Co. v. Lukens Steel Co.*, 468 F.2d 1021, 1023 (3d Cir.1972). Implicit in the court's discretion under Rule 65(a) is that the court need not grant the total relief sought by the applicant, but may mold its decree to meet the exigencies of the particular case or may enter conditional preliminary relief. 11 C. Wright & Miller, Fed. Practice & Procedure § 2947 (1973).

This court is aware that the government has asked this court to permanently enjoin the defendant from preparing federal income tax returns. But the court is also cognizant that permanently depriving Mr. Franchi of his livelihood at this time is a harsh and severe measure that the equities of the situation do not demand.

The defense presented testimony from numerous witnesses that Mr. Franchi provides a valuable service to a largely blue-collar clientele from the Beaver Valley area of Western Pennsylvania. Because this court finds that Mr. Franchi should be enjoined from preparing tax returns at this point in time does not mean that this situation is not capable of or subject to change.

The language of 26 U.S.C. § 7407 states that "the court may enjoin such person from acting as a tax preparer." This court has found no case that stands for the proposition that such an injunction must be permanent. On the contrary, the legislative history of 26 U.S.C. § 7407 and § 7402 is replete with references to the court's wide latitude in fashioning relief. As stated earlier in the opinion, the history of § 7402 recognizes "the great latitude inherent in § 7402 equity jurisdiction to fashion appropriate relief." Similarly, the legislative history of § 7407 states that "Nothing in this provision is to alter the inherent authority of the court to limit the scope and duration of any injunction as is deemed appropriate given the actions leading to the request for injunctive relief."

The court will enter a preliminary injunction enjoining defendant Thomas C. Franchi from preparing any income tax returns.

In addition, a hearing on the merits will be held on July 15, 1991. Following said hearing on the merits, this court shall determine whether the preliminary injunction should be made permanent or whether the defendant should be enjoined only as to further engaging in the conduct discussed in 26 U.S.C. § 7407(b)(1)(A), and § 7407(b)(1)(D). In addition, other options may be considered at the time of the hearing.

The court makes the following findings of fact and conclusions of law:

*Findings of Fact:*

1. Defendant Thomas C. Franchi is an income tax preparer under 26 U.S.C. § 7701(a)(36), and 26 U.S.C. § 7407.

2. Eighty-seven penalties have been assessed against Mr. Franchi by the Internal Revenue Service for the years from 1980 to 1988.

3. These penalties were assessed pursuant to 26 U.S.C. § 6694(a) and § 6694(b), and were for an amount in excess of $16,000.00.

4. As a result of these penalties under § 6694(a) and (b), the defendant has met the requirements of 26 U.S.C. § 7407(b)(1)(A), regarding an action to enjoin an income tax preparer.

5. The defendant, Thomas C. Franchi, has been abusively preparing income tax returns since at least 1986, and even before that time. During that time, he has been promoting the understatement of tax liabilities of his clients, through inclusion, on clients' tax returns, of inaccurate, fabricated, false, and fraudulent tax deductions and other benefits. Those include inflated interest deductions, illegal and improper expenses deductions, and inflated charitable contribution deductions. All of these activities have interfered with the proper administration of the Internal Revenue laws.

6. The defendant's conduct of preparing client's tax returns containing patently inaccurate, fraudulent, fabricated, and erroneous deductions has impeded the ability of the Internal Revenue Service to enforce the Internal Revenue laws.

7. The detection and audit of all the improper and illegal tax returns generated by the defendant's activities, the collection of resulting deficiencies in tax, and the resulting and potential litigation relating thereto has placed, and in the future will place, a severe burden on the administrative resources of the Internal Revenue Service and on the judicial system.

8. As a result of such fraudulent or deceptive conduct, the defendant has met the requirements of 26 U.S.C. § 7407(b)(1)(D), regarding an action to enjoin an income tax preparer.

9. Thomas C. Franchi has continually and repeatedly engaged in conduct described in 26 U.S.C. § 7407(b)(1)(A) and § 7407(b)(1)(D), and an injunction prohibiting such conduct would not be sufficient to prevent Mr. Franchi's interference with the administration of the Internal Revenue laws set forth in Title 26 of the United States Code.

*Conclusions of Law:*

1. This District Court is statutorily authorized to issue a preliminary injunction to enjoin certain conduct of income tax preparers, as well as to enjoin such persons from acting as income tax preparers pursuant to 26 U.S.C. § 7402(a) and 26 U.S.C. § 7407.

2. Preliminary injunctive relief is appropriate in this case to prevent the recurrence of Thomas C. Franchi's conduct.

3. Pursuant to 26 U.S.C. § 7407(b)(2), the issuance of a preliminary injunction enjoining the defendant from acting as an income tax preparer is appropriate.

4. Thomas C. Franchi has engaged in conduct which has interfered with the administration and enforcement of the Internal Revenue laws by the Internal Revenue Service, and pursuant to 26 U.S.C. § 7402, the issuance of a preliminary injunction is appropriate to prevent the recurrence of such conduct.

An appropriate order will follow.

### ORDER OF COURT

IT IS HEREBY ORDERED that the motion of the plaintiff, United States of America, for a preliminary injunction, is GRANTED. Until the above captioned case is determined on the merits, defendant, Thomas C. Franchi, together with his officers, agents, servants, employees, and persons in active concert or participation with him, are preliminarily enjoined from:

1. Acting as an income tax preparer within the meaning of 26 U.S.C. § 7701(a)(36), which includes but is not limited to: preparing for compensation or employing others to prepare for compensation, any federal tax return or substantial portion thereof, or any claim for refund or substantial portion thereof.

2. Further engaging in conduct subject to penalty under 26 U.S.C. § 6694, including but not limited to: aiding, assisting, procuring, or advising with respect to, the preparation or presentation of any portion of any return, affidavit, claim or other document, which defendant knows will be used in connection with any material matter arising under the federal tax laws, and which defendant knows that, if so used, will result in an understatement of another party's liability for federal taxes.

3. Interfering with and/or impeding the proper administration of the Internal Revenue laws, including but not limited to: improperly and/or illegally preparing tax returns, counseling clients not to keep records or receipts supporting their tax deductions, and/or not to cooperate during their audits or appeals before the Internal Revenue Service.

IT IS FURTHER ORDERED that a hearing on the merits shall be held at 9:30 A.M. on Monday, July 15, 1991 in Courtroom No. 5, following which this court shall determine whether this preliminary injunction should be made into a permanent injunction, or whether the defendant, Thomas C. Franchi, should be enjoined as to further conduct which would violate the provisions of 26 U.S.C. § 7407(b)(1)(A) and 26 U.S.C. § 7407(b)(1)(D), or whether other appropriate actions should be ordered.

IT IS FURTHER ORDERED that this court shall retain jurisdiction of this action for the purpose of implementing and en-

forcing this Judgment of Preliminary Injunction, and all additional decrees and orders necessary and appropriate to the public interest.